OFFICE OF DISCIPLINARY COUNSEL *v.* HOCK.

[Cite as Disciplinary Counsel *v.* Hock (1990), 52 Ohio St. 3d 601.]

(No. D.D. 87-23—Submitted and decided May 17, 1990.)

This cause came on for further consideration upon respondent Jerome Harrison Hock's filing of an application for reinstatement.

The court coming now to consider its order of April 27, 1988, suspending respondent, Jerome Harrison Hock, from the practice of law for a period of two years pursuant to Gov. Bar R. V(7)(c), finds that respondent has substantially complied with that order and with the provisions of Gov. Bar R. V(24).

Therefore, IT IS ORDERED by the court that Jerome Harrison Hock be, and hereby is, reinstated to the practice of law in the state of Ohio.

IT IS FURTHER ORDERED that respondent comply with the registration requirements of Gov. Bar R. VI.

(For earlier case, see [1988], 36 Ohio St. 3d 177, 522 N.E. 2d 543.)

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

CLEVELAND BAR ASSOCIATION *v.* GUEST.

[Cite as Cleveland Bar Assn. *v.* Guest (1990), 52 Ohio St. 3d 601.]

(No. D.D. 88-4 — Submitted May 8, 1990 — Decided June 7, 1990.)

The application of James W. Guest, Jr. for reinstatement to the practice of law is granted upon his payment of $2,500 to the Clients' Security Fund of Ohio, which sum represents an award made against him. It is further provided that if Guest is found liable on any claim(s) pending against him with the Clients' Security Fund of Ohio, he must pay in full all amounts for which he is found liable within sixty days of the order of the Clients' Security Fund; if he fails to pay such amounts in

full within sixty days, his license to practice law will be suspended forthwith. See *Toledo Bar Assn.* v. *Wallace* (1989), 47 Ohio St. 3d 607, 546 N.E. 2d 931.

(For earlier case, see *Cleveland Bar Assn.* v. *Guest* [1988], 38 Ohio St. 3d 340, 528 N.E. 2d 193.)

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.